**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ESTATE OF JAMES E. POWELL, | : | |
| Deceased, a/k/a Sonny Powell, | : | CASE NO.: 1:13-CV-104 (WLS) |
| d/b/a Powell's Garage, | : | |
| IRVIN CLYDE POWELL, | : | |
| CLARK KENT POWELL, and | : | |
| RHONDA KAYE MOREE, Co- | : | |
| Executors of the Powell Estate, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Presently pending before the Court is Plaintiffs' Motion for Default Judgment (Doc. 10). For the following reasons, Plaintiff's Motion for Default Judgment (Doc. 10) is **GRANTED.**

## PROCEDURAL BACKGROUND

On June 19, 2013, Plaintiff filed the instant suit seeking to collect unpaid federal unemployment tax, federal employment tax, and federal income tax liabilities, and a miscellaneous civil penalty liability, plus interest, fees, and statutory additions. (Doc. 1.) After Defendants failed to timely file a response, Plaintiff filed a Motion for Entry of Default. (*See* Docs. 2-5.) On October 28, 2013, Plaintiff filed the Motion for Default Judgment currently under review. (Doc. 10.) The Discovery Conference was stayed pending the resolution of that Motion. (Doc. 11.)

1

## FACTUAL FINDINGS

The Court makes the following findings of fact from the allegations in Plaintiff's complaint and the exhibits attached thereto.[1]

The Plaintiff to this action is the United States of America.  (Doc. 1 at ¶ 5.)  James E. Powell died on February 12, 2005, and his estate is currently under administration in the Probate Court of Worth County, Georgia.  (*Id.* at ¶ 6.)  Defendants Irvin Clyde Powell, Clark Kent Powell, and Rhonda Kaye Moree are Co-Executors under the Last Will and Testament of James E. Powell dated July 26, 2002.  (*Id.* at ¶¶ 7-9.)  All of those individuals live within the Middle District of Georgia.  (*Id.*)  On March 14, 2005, those individuals were issued Letters Testamentary by the Probate Court of Worth County and legally authorized to discharge all duties and exercise all powers of executors under the Last Will and Testament of James E. Powell.  (*Id.* at ¶ 10.)  At the time of James E. Powell's death, the Internal Revenue Service ("IRS") had assessed or was in the process of assessing unpaid federal tax liabilities against him.  (*Id.* at ¶ 11.)

On August 25, 2005, the IRS filed a proof of claim in the probate proceedings against the Estate of James E. Powell, a/k/a Sonny Powell, d/b/a Powell's Garage reflecting tax liabilities arising from James E. Powell's operation of Powell's Garage as a sole proprietorship.  (*Id.*)  A delegate of the Secretary of the Treasury timely made assessments against James E. Powell for federal unemployment taxes, federal employment taxes, federal income taxes, a civil penalty for failure to file required Forms W-2, penalties, statutory additions, and interest for various taxable periods.  (*Id.* at ¶ 12.)  Despite notice of those assessments and demand for payment, the Estate of James E. Powell failed to pay the amounts assessed against it, the additional unassessed interest, penalties, or any other applicable statutory additions that have continued to accrue since the assessment dates.  (*Id.* at ¶ 13.)  As a result, the Estate of James E. Powell owes $181,885.20 as of October 22, 2013.  (*See* Doc. 10-2.)

---

[1] By operation of a default judgment, Defendant admits Plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  Documents referenced in the complaint and attached thereto are considered to constitute the initial pleading.  FED. R. CIV. P. 10(c).

## DISCUSSION

"The entry of a default judgment is appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise.' " *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting FED. R. CIV. P. 55(a)).  Before obtaining a default judgment, the party seeking such a judgment must first seek an entry of default from the Clerk of the Court.  FED. R. CIV. P. 55(a). But the entry of a default does not entitle a plaintiff to a default judgment.  *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  The defaulting party admits the movant's well-pleaded factual allegations.  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citing *Nishimatsu*, 515 F.2d at 1206).  Those well-pleaded factual allegations must provide a sufficient basis for imposing liability on the defaulting party. *Tyco Fire & Security, LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

The Court has subject matter jurisdiction over this matter because a federal question is presented.  *See* 26 U.S.C. §§ 6502, 7402.  Venue is proper in this Court.  *See* 28 U.S.C. §§ 1391(b) & 1396.  Also, the Court has personal jurisdiction over Defendants. *See generally Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249 (11th Cir. 2010) (discussing personal jurisdiction in Georgia).

The Government submitted account transcripts evidencing the above-referenced unpaid tax liabilities and assessments associated therewith, and a declaration by Revenue Officer Jeffrey R. Krogh that explains the method used to calculate the unpaid tax liabilities.  (Docs. 10-2, 10-3, 10-4.)  "A tax assessment made by the IRS constitutes a 'determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes,' and such a determination 'is entitled to a legal presumption of correctness.' " *United States v. Lena*, 370 F. App'x 65, 69-70 (11th Cir. 2010) (quoting *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002)); *see also United States v. Chila*,

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

871 F.2d 1015 (11th Cir. 1989).  Thus, once an assessment is made, the taxpayer has the burden of proving that the IRS's computations were incorrect.  *Lena*, 370 F. App'x at 70 (citing *Pollard v. Comm'r of IRS*, 786 F.2d 1063, 1066 (11th Cir. 1986)).  Because Defendants are in default and have not made any attempt to demonstrate that the IRS's computations were incorrect, the Court is bound by the presumption of correctness given to the IRS's assessments.[3]

## CONCLUSION

Based on the foregoing, the Clerk of Court shall enter default judgment against Defendants in favor of Plaintiff because the amount sought is for a sum certain.  *See* Fed. R. Civ. P. 55(b)(1).  Accordingly, the Clerk is hereby **DIRECTED** to enter default judgment as follows:

1. In favor of Plaintiff United States of America and against Defendant Estate of James E. Powell, Deceased, a/k/a Sonny Powell, d/b/a Powell's Garage, and Defendants Irvin Clyde Powell, Clark Kent Powell, and Rhonda Kaye Moree, Co-Executors of the Powell Estate, jointly in the amount of $181,885.20 as the outstanding balance of unpaid federal employment tax liabilities for taxable periods ending September 30, 1998, December 31, 2000, June 30, 2001, September 30, 2001, December 31, 2001, March 31, 2002, June 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, and December 31, 2004; federal unemployment tax liabilities for taxable periods ending December 31, 1996 and December 31, 2002; a federal income tax liability owed for the tax year ending December 31, 2003; and a miscellaneous civil penalty assessed pursuant to 26 U.S.C. § 6721 for failure to file a correct information return for the taxable period ending December 31, 1999.  The referenced amount includes fees, interest, and statutory additions to October 22, 2013.

2. Defendant Estate of James E. Powell, Deceased, a/k/a Sonny Powell, d/b/a Powell's Garage, and Defendants Irvin Clyde Powell, Clark Kent Powell, and Rhonda Kaye Moree, Co-Executors of the Powell Estate, will continue to accrue statutory interest, fees, and statutory additions on the foregoing unpaid

---

[3] The Court finds that none of the Defendants are subject to protection by the Servicemembers Civil Relief Act.  (*See* Doc. 10-1.)

balances pursuant to 28 U.S.C. §§ 6601, 6621, and 6622 until they are paid in full or otherwise satisfied by law.

3. Plaintiff United States of America is entitled to recover its costs of this action.

**SO ORDERED**, this  18th  day of April 2014.

_/s/ W. Louis Sands_
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**